**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10227 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00451-JMS-3 |
| v. | |
| ADAM JOSEPH BOGEMA, AKA Cadillac, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Adam Joseph Bogema appeals from the district court's judgment and

challenges the 300-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute and possess with intent to distribute, and attempt to

possess with intent to distribute, methamphetamine, in violation of 21 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bogema contends that his sentence is substantively unreasonable because the district court failed to consider his mitigating arguments and several of the 18 U.S.C. § 3553(a) factors and drew an improper inference from evidence in the record. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record shows that the court adequately considered Bogema's arguments and the various § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities and Bogema's history and characteristics. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Bogema's contention, the disparity between Bogema's sentence and that of his codefendant was not unwarranted. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). Furthermore, the district judge's inference from the Facebook evidence was not inconsistent with the parties' stipulation that Bogema had not obstructed justice for purposes of U.S.S.G. § 3C1.1. The within-Guidelines sentence is substantively reasonable in light of the § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense and Bogema's extensive criminal history. *See Gall*, 552 U.S. at 51.

Bogema's unopposed motion to take judicial notice is granted.

**AFFIRMED.**